## Farmington Township School District *v.* Yeskey, Appellant.

Argued September 28, 1962. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and KEIM, JJ.

*C. Henry Nicholson,* for appellant.

*Richard A. Leuthold,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 13, 1962:

Appellant appeals from a final Order of the Court of Common Pleas of Warren County, imposing a penalty on appellant for failure to file tax returns and to pay the taxes required by a Resolution of Farmington Township School District adopted May 14, 1958. He asserts that such Resolution was improperly adopted, and if properly adopted, was illegal and deprived him of his constitutional rights.

Appellant resides in Farmington Township but works in New York State. Farmington Township School District is a School District of the Fourth Class. The School District by the above-mentioned Resolution adopted a budget including the imposition of a tax *on wages of residents* and on the net profits derived from businesses and professions for the period of a year commencing July 7, 1958. Such Resolution was adopted pursuant to the enabling Act of June 25, 1947, P. L. 1145, 53 P.S. §6851, which, inter alia, gave School Districts of the Fourth Class power to impose, levy and collect taxes on "persons, transactions, occupations, privileges, subjects and personal property . . . ."

We are of the opinion that the Resolution complained of by appellant was properly adopted. We find no merit in appellant's contentions that the School District (a) did not have the right to impose taxes on wages generally, or (b) on wages earned outside the State, or (c) that he cannot be compelled to file a tax return, or (d) that the tax is discriminatory because of the distinction it makes between wage earners and those engaged in businesses or professions. Every one of these contentions has been decided adversely to the appellant by prior controlling decisions of this Court and of the Superior Court construing ordinances which imposed taxes identical with those here involved, and in substantially similar language. Cf. *Marson v. Phila-*

*delphia,* 342 Pa. 369, 21 A. 2d 228; *Dole v. Philadelphia,* 337 Pa. 375, 11 A. 2d 163; *Philadelphia v. Schaller,* 148 Pa. Superior Ct. 276, 25 A. 2d 406; *Philadelphia v. Cline,* 158 Pa. Superior Ct. 179, 44 A. 2d 610.

Order affirmed. Each party to pay his or its own costs.